UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JAMES E. HOUSTON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:06-cr-027 |
| | ) | | 3:09-cv-355 |
| | ) | | *Judge Jordan* |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner James E. Houston ("petitioner"). The government has filed its response in opposition to the motion. Petitioner also filed motion for summary judgment, to which the government has responded. For the following reasons, the § 2255 motion will be **GRANTED**, petitioner's motion for summary judgment will be **GRANTED** to that extent, and petitioner's sentence will be **VACATED**.

I.      Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render

the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

If the court finds a conviction subject to collateral attack, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

II.     Factual and Procedural Background

Pursuant to a written plea agreement, petitioner pleaded guilty to a two-count Bill of Information charging him with one count of conspiring to conduct an illegal gambling business, in violation of 18 U.S.C. §§ 371 and 1955 (Count One), and one count of conspiring to launder the proceeds of an illegal gambling operation, in violation of 18 §§ 1956(h) and 1957 (Count Two). As part of his plea agreement, petitioner agreed to forfeit his interests in United States currency seized at various locations, as well as numerous parcels of real property. At the sentencing hearing on July 19, 2006, the government moved for a downward departure based upon petitioner's substantial assistance and the court

sentenced petitioner to concurrent terms of imprisonment of 12 months and one day on Counts One and Two. [Court File No. 105, Criminal Minutes - Sentencing and Judgment].[1]

Petitioner then filed a motion to reconsider the sentence, in which his counsel stated he was "authorized to represent to this Court that the United States does not oppose this motion for reconsideration if the Court deems it appropriate to reconsider Mr. Houston's sentence." [Court File No. 108, Motion for Reconsideration, p. 5]. The motion to reconsider was granted three days later, "to the extent the court will not impose a term of incarceration but instead will impose a term of probation of two years." [Court File No. 110, Memorandum and Order, p. 1]. In doing so, the court noted "that the defendant, through counsel, represents that the government does not oppose this motion." [*Id*.]. The court also noted for the record that a written Judgment of Conviction had not yet been entered in the case. [*Id*., n.1].

The court concluded that a term of incarceration was improper based upon an argument raised by the petitioner and not considered by the court at sentencing:

> In support of his motion, the defendant sets forth a number of factors which this court previously considered at the time of sentencing, *i.e.*, his age, his strong familial relationships, his financial and emotional support for this children and his mother, his strong support of many civic organizations, and his providing free housing for a number of displaced families. The court has also reviewed again the extent of the defendant's substantial assistance, and has considered the substantial assets which he has forfeited to the government. However, the most compelling argument asserted by the defendant is one

---

[1] The original judge in this case was U.S. District Judge James H. Jarvis, who passed away in 2007.

which the court did not consider at the time of sentencing. Specifically, defendant counsel represents as follows:

> Undersigned counsel has practiced before the United States District Court for the Eastern District of Tennessee since 1988 and has been involved in the representation of individuals in a number of gambling prosecutions over the years. These prosecutions have involved video poker machines and illegal bookmaking. To undersigned counsel's knowledge, no participant in these activities, who pled guilty, cooperated, and received a Motion for Downward Departure from the United States, including those who were denominated to be an organizer or leader under the Federal Sentencing Guidelines, have ever been sentenced to a term of incarceration in the Northern Division of the Eastern District of Tennessee.

The court has now independently researched this area and concludes that defendant counsel is indeed correct. Thus, under these unique circumstances, the court concludes that it would be inconsistent and unjust to sentence this defendant to a term of incarceration, when all other similarly situated defendants have received a term of probation. If anything, this court strives mightily to impose sentences in criminal cases in a fair and consistent manner. In light of this new information, the court is of the definite and firm opinion that it has not done so in this particular case.

[*Id*. at 2-3 (quoting petitioner's motion to reconsider, p. 4)]. A Judgment of Conviction was subsequently entered on July 31, 2006, by which petitioner was sentenced to concurrent two-year terms of probation as to Counts One and Two. [Court File No. 112, Judgment].

The United States then filed a motion to strike the amended judgment imposed July 31, 2006, and reimpose the sentence pronounced July 18, 2006. [Court File No. 116, Motion to Strike]. The United States pointed out that the motion for reconsideration was granted, and the amended judgment entered, prior to the expiration of the deadline for the United States to respond to the motion for reconsideration. The United States also averred that,

4

although it had discussed with defense counsel the proposed motion for reconsideration, the language contained in the motion "was not cleared by the United States prior to filing, and, to the extent that it implies that the United States does not oppose the reduction of sentence sought by the motion, does not accurately communicate the position of the United States." [*Id*. at 2]. The United States further averred that, under Rule 35 of the Federal Rules of Criminal Procedure, the court lacked authority to reduce petitioner's sentence.

The court then granted the motion to strike, noting that it was "constrained to grant the government's motion whereby an amended judgment will be entered reflecting the sentence of twelve months and one day imposed on July 19, 2006." [Court File No. 140, Memorandum and Order, p. 4]. The amended judgment to that effect was entered October 10, 2006. [Court File No. 141, Judgment].

Petitioner appealed and the Sixth Circuit affirmed reimposition of the original sentence. *United States v. Houston*, 529 F.3d 743 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2764 (2009). The Sixth Circuit first considered and rejected whether the district court committed clear error in sentencing petitioner.

> We therefore conclude that neither of the asserted grounds for reconsideration presented the sort of clear error that would have warranted appellate remand. The district court lacked authority under Rule 35(a) to alter the sentence originally imposed. Of course, this is the very conclusion that the district court correctly reached when it granted the government's motion to strike the amended sentence. Inasmuch as this is the only basis on which defendant Houston challenges the district court's order granting the government's motion to strike, we overrule the objection and uphold the order vacating the amended judgment.

*Id*. at 752-53 (footnotes omitted). The Court then concluded that petitioner's sentence was both procedurally and substantively reasonable. *Id*. at 754, 757.

Petitioner then filed the pending motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In support of his § 2255 motion, petitioner alleges he received ineffective assistance of counsel. According to petitioner, but for trial counsel's failure to raise the issue of sentence disparity in a timely fashion, the district court would have sentenced him to a term of probation instead of incarceration.

III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular

6

case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

With respect to prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

David Eldridge, the attorney who represented petitioner at trial and on appeal, testifies by affidavit that he did not address sentencing factor (6), of the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), regarding sentence disparities among defendants with similar records, in either his sentencing memorandum or during the sentencing hearing nor did he object at sentencing to the court's failure to address that factor. [Court File No. 206, Motion to Vacate, Attachment 24, Affidavit of David M. Eldridge, p. 2, ¶ 6]. He further testifies:

> There was no strategic or tactical reason for my failure to discuss or raise sentencing factor (6) in the sentencing memorandum I filed for Mr. Houston. Similarly, there was no strategic or tactical reason for my failure to raise sentencing disparity at the July 19, 2006 sentencing hearing either during my presentation or by way of objection on the record immediately after

7

> District Judge Jarvis imposed an incarcerative sentence of 12 months and one day.
>
> Based upon my experience, it was my belief prior to Mr. Houston's sentencing, that all other similarly situated gambling defendants in the Northern Division of the Eastern District had received probated sentences. It was also my belief that Judge Jarvis had been the judge that had imposed those previous sentences on similarly situated defendants. I regard my failure to raise sentencing disparity before or at the time of sentencing as a mistake and believe I should have reminded Judge Jarvis of those previous sentencing decisions.

[*Id*. at 2-3, ¶¶ 7 & 8].

It is worth noting that during oral argument at the Sixth Circuit, Judge Sutton questioned defense counsel as to why he did not just file a § 2255 motion and went so far as to state "the one thing about this record that is so great for you is you have prejudice on the record - right?" [*Id*., Attachment 22, Audio of Oral Argument at Sixth Circuit]. Even the government concedes the "highly unusual circumstances of this case." [Court File No. 210, Response to § 2255 motion, p. 24].

Based upon the foregoing and the record as a whole, the court finds that petitioner is entitled to relief on his claim of ineffective assistance of counsel under the standard set forth in *Strickland*. Trial counsel failed to raise the issue of sentence disparity in either the sentencing memorandum or during the sentencing hearing itself. That failure was the result of oversight or inadvertence, not trial strategy or a tactical decision. Petitioner suffered prejudice as a result of trial counsel's failure to timely raise the issue. Had counsel timely raised the issue, the district court had discretion to consider the argument and impose a

sentence of probation rather than incarceration. There is good reason for believing that the district court would have done so.

IV. Conclusion

Upon review of the motion and the record as a whole, the court finds that petitioner's motion to vacate, set aside or correct sentence should be **GRANTED** and his motion for summary judgment will be **GRANTED** to that extent. An evidentiary hearing is not required. Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts. Petitioner's sentence shall be **VACATED** and petitioner will be **RESENTENCED**.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge